IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **ALHAJI SHERIFF BAH,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CBD-14-2803 |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al.,** | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Before this Court are Defendant Washington Metropolitan Area Transit Authority's Motion to Dismiss Defendant Edward Fields, Only (the "Motion") and the opposition thereto. The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** the Motion.

I.  **Factual Background**

On January 23, 2013, Alhaji Sheriff Bah ("Plaintiff") boarded a bus being operated by Defendant Edwards Fields and owned by Defendant Washington Metropolitan Transit Authority ("WMATA"). Plaintiff alleges that Defendant Fields started driving the bus before Plaintiff sat down causing Plaintiff to fall and resulting in injuries. WMATA argues that while it may be liable for negligence due to Defendant Fields's operation of the bus, Defendant Fields is immune from suit for negligent acts committed in the scope of his employment.

## II. Legal Background and Discussion

Under the Federal Rules of Civil Procedure, a party may assert the defense of lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). The Fourth Circuit has held that "[t]o the extent [that WMATA's] complained-of actions fall within its cloak of immunity, [Fourth Circuit courts] lack subject matter jurisdiction over such claims." *Smith v. WMATA*, 290 F.3d 201, 205 (4th Cir. 2002). WMATA is both bound and protected by the Washington Metropolitan Area Transit Authority Compact. Md. Code Ann., Transp., § 10-204 (2015) (hereinafter the "Compact"). The Compact states, in relevant part, that WMATA "shall be liable for . . . the torts of its . . . employees . . . committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory" and that "[t]he exclusive remedy for . . . torts for which [WMATA] shall be liable, as herein provided, shall be by suit against [WMATA]." Md. Code Ann., Transp. § 10–204(80). This Court has previously held that "[o]perating a bus is such a proprietary function." *Marbury v. WMATA*, No. DKC-13-0832, 2013 WL 2285436, at *2 (D. Md. May 22, 2013) (citing *Bunn v. WMATA*, No. TCB-09-334, 2010 WL 1488510, at *1 (E.D. Va. April 12, 2010); *see also Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (holding that in contrast to proprietary functions, "decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review").

In this case, Plaintiff argues that he was injured when Defendant Fields negligently operated a WMATA bus. As this Court held in *Marbury*, operating a bus is a proprietary function, and under the Compact, WMATA shall be liable for the torts of its employees conducting proprietary functions. *Marbury*, 2013 WL 2285436, at *2; Md. Code Ann., Transp. § 10–204(80). As such, WMATA is liable for any of Defendant Fields's actions complained of by

Plaintiff.  Where WMATA is liable, suit against WMATA is the exclusive remedy.  Md. Code Ann., Transp. § 10–204(80).  Defendant Fields is subsequently immune from suit, and this Court therefore lacks jurisdiction over, and must dismiss, Plaintiff's claim against Defendant Fields. *Smith v. WMATA*, 290 F.3d 201, 205 (4th Cir. 2002); Fed. R. Civ. P. 12(h)(3).  This conclusion comports with *Marbury* where this Court dismissed a suit against a WMATA employee holding that where a plaintiff has been injured by the negligence of a WMATA employee exercising a proprietary function, the "exclusive remedy for the [p]laintiff" is a "lawsuit against the Defendant WMATA, only, and not against [the employee]." *Marbury*, 2013 WL 2285436, at *2 (citations omitted).

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion.

February 27, 2015                                    /s/
                                           Charles B. Day
                                           United States Magistrate Judge

CBD/sdh

3