IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **ALHAJI SHERIFF BAH,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-14-2803 |
| | * | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

Before this Court are Plaintiff Alhaji Sheriff Bah's Motion for Substitution of Plaintiff (the "Motion") (ECF No. 29), opposition and reply thereto. The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **DENIES** the Motion.

I.  Factual Background

Plaintiff Alhaji Sheriff Bah ("Plaintiff") filed this action against the Washington Metropolitan Area Transit Authority ("Defendant"), alleging that on January 23, 2013, Edwards Fields, one of Defendant's bus drivers, negligently operated the bus Plaintiff had just boarded causing him to fall and sustain injuries, including a head injury. Pl.'s Compl. 2. At the time of the alleged incident, Plaintiff was seventy-eight (78) years old. This case was referred to the Honorable William Connelly to conduct a settlement conference, which was scheduled for July 9, 2015. ECF No. 26. A two-day jury trial was scheduled for September 8, 2015. ECF No. 25.

A day before the scheduled settlement conference, counsel informed the Court that Plaintiff was out of the country, and the settlement conference was postponed. ECF No. 27. The Court then cancelled the pre-trial conference and trial. ECF No. 28. The Motion was subsequently filed on August 12, 2015.

In the Motion, Plaintiff alleges that before the settlement conference, he became seriously ill and was taken to Sierra Leone, Africa, where he is originally from. Pl.'s. Mot. 2. Plaintiff further alleges that as a result of his illness and his advanced age, he is incompetent to continue litigating this case. *Id*. Plaintiff asserts that on July 22, 2015, he granted a Power of Attorney to his nephew, Foday Bassy Kamara, who resides in Hamburg, Germany, allowing Mr. Kamara to litigate this case on Plaintiff's behalf. *Id*. Plaintiff therefore argues that under Fed. R. Civ. P. 25(b), the Court should substitute Plaintiff for his nephew, Mr. Kamara. *Id*.

Defendant opposes the Motion arguing that Plaintiff has not provided any evidence of his illness, and of his location outside of the country. Def.'s Opp. 2. Defendant further argues that Plaintiff has not provided any documentary evidence to find, by clear and convincing evidence, that he is incompetent to pursue this litigation. *Id*. at 3. Defendant also argues that Plaintiff has failed to provide admissible documentary evidence supporting Mr. Kamara as a substituted plaintiff. *Id*.

In his reply, Plaintiff argues that there is no need for additional evidence to prove his incompetency. Pl.'s Reply 2. In support of this statement, Plaintiff highlights portions of his deposition where he indicated that he continued to experience pain as a result of the accident, and also reiterates that he became seriously ill shortly before the scheduled settlement conference. *Id*. Plaintiff then argues that the Power of Attorney is admissible not as a public

document, but instead as a private document, and as a result, the Federal Rules of Evidence relating to authentication or identification of foreign documents are irrelevant.  Pl.'s Reply 2-3.  Finally, Plaintiff argues that substituting Mr. Kamara as the plaintiff in this case would not cause any prejudice to Defendant, and substantial justice requires the Court to grant the Motion.  Pl.'s Reply 3.

**II.     Analysis**

Under Rule 25(b) of the Federal Rules of Civil Procedure, "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative."  Fed. R. Civ. P. 25(b).  The decision to allow substitution of parties during pending litigation is within the trial court's discretion.  *See, e.g.*, *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984).  For Rule 25(b) to apply, the incompetency must arise during the suit, not before the action is commenced.  *See Waldman v. Pediatric Servs. of America, Inc.*, No. CIV. A. 97–7257, 1998 WL 770629, at *4 (E.D. Pa. Nov. 5, 1998).

In this case, the Court will not, in its discretion, permit substitution.  Although there is no case law in the Fourth Circuit directly addressing the issue raised in the Motion, the Court is persuaded by the reasoning of courts from other jurisdictions that have resolved similar motions.  Plaintiff's argument that he became "seriously ill," without more, is insufficient to establish that Plaintiff is incompetent.  In this case, there is no evidence that Plaintiff has been declared legally incompetent in a court proceeding.  *See Pass v. Gov't Emps. Ins. Co.*, No. 3:13–CV–00016–SA–SAA, 2014 WL 5511082, at *2 (N.D. Miss. Oct. 31, 2014) (denying the motion for party substitution under Rule 25(b) because there was no evidence that the plaintiff had been declared legally incompetent in a court proceeding).  Plaintiff has not provided any medical evidence

regarding his mental and physical capacities.[1]  *See Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09–CV–1071–T–27AEP, 2011 WL 2981786, at *2 (M.D. Fla. July 22, 2011) (denying the plaintiff's request for party substitution under Rule 25(b) because there was no medical evidence regarding the plaintiff's mental and physical capacities and the plaintiff did not show that she had ever been adjudicated incompetent); *see also McBroom v. Potter*, No. 2:06-cv-767-MEF-SRW, 2007 WL 1424530, at *2 (M.D. Ala. May 14, 2007) (denying the plaintiff's request for party substitution under Rule 25(b) based on the "scant medical information" that the plaintiff was suffering from physical and emotional problems).

Defendant cites *Kuelbs v. Hill*, 615 F. 3d 1037, 1042 (8th Cir. 2010) and argues that because Rule 25(b) does not define competency, the Court should look to state law to determine whether to exercise its discretion and permit the substitution.  Def.'s Opp. 2.  The Court has reviewed the *Kuelbs* decision which does not stand for the proposition advanced by Defendant.  In addition there is authority from the Fourth Circuit suggesting the opposite of what Defendant proposes.  *See Tolson v. Hodge*, 411 F.2d 123, 128 (4th Cir. 1969) ("The Rules of Civil Procedure are designed to prescribe the procedure in Federal courts.  The question of substitution is procedural, recognized by the rules as such, and not controlled or governed by local law." (quoting *Jones v. Schellenberger*, 196 F.2d 852, 854 (7th Cir. 1952)).  For these reasons, the Court will not look to state law and instead concludes that under Rule 25(b), Plaintiff has not shown incompetency requiring substitution.

---

[1] In his reply, filed on September 16, 2015, Plaintiff indicates that he has "requested a written report from [his] medical doctor in Sierra Leone" and requests "some time" to provide it to the Court.  Pl.'s Reply 2.  As of the date of this memorandum opinion, the Court has not received any medical evidence to support Plaintiff's position.

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion.

October 23, 2015                                                              /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/yv